# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MARVIN BEST, )
)
    Petitioner, )
)
v. ) Case No. CV408-066
)
DONALD BARROW, *Warden*, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

On March 24, 2008, Marvin Best filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) On May 19, 2008, respondent filed an answer, arguing that Best's sole ground for relief should be denied as procedurally barred. (Doc. 9.) For the reasons that follow, the petition should be **DENIED**.

## I. PROCEDURAL BACKGROUND

On August 19, 2004, a Chatham County jury convicted Best of possession of a controlled substance with intent to distribute and obstruction of a law enforcement officer. (Doc. 1 at 3.) Best received a

forty-year "split" sentence, with ten years to serve in prison on the controlled substance count and twelve months to serve concurrently on the obstruction count. (Doc. 9 at 1.) The Court of Appeals affirmed the conviction and sentence. Best v. State, 630 S.E.2d 900 (Ga. Ct. App. 2006). Best then filed a state habeas corpus petition in the Wilcox County Superior Court, which was denied on March 19, 2007. (Doc. 1 at 2.) On September 24, 2007, the Supreme Court of Georgia denied Best's application for a certificate of probable cause to appeal the state habeas court's denial. (Id.)

## II. LEGAL ANALYSIS

Best's § 2254 petition asserts a single ground for relief. (Doc. 2 at 3.) He contends that his appellate counsel was ineffective for failing to argue on appeal that trial counsel was ineffective for not "suppress[ing] the evidence [against Best] as being obtain[ed] pursuant to an illegal arrest." (Doc. 2 at 5.) Respondent contends that Best's sole ground for relief is procedurally barred. Specifically, respondent contends that Best did not raise this claim before the state habeas court, so he is now precluded from raising it in federal court. (Doc. 9 at 4.)

In Best's state habeas corpus proceeding, he contended that appellate counsel "violated [his] constitutional [rights] by not bringing valid issues on appeal that [he] instructed" appellate counsel to raise. (Resp. Ex. 2 at 4.) He provided no detail in his state habeas petition supporting the claim. (Id.) The state habeas judge apparently presumed that Best's claim revolved around appellate counsel's decision not to raise an ineffective assistance of trial counsel claim on appeal (Resp. Ex. 3 at 3-6), as he questioned Best's appellate attorney regarding her decision not to raise an ineffective assistance of trial counsel claim (Resp. Ex. 5 at 15). In his order denying the state habeas corpus petition, the state judge evaluated appellate counsel's alleged ineffectiveness under the applicable Supreme Court precedent and found that appellate counsel was not constitutionally ineffective for failing to raise a claim of ineffective assistance of trial counsel. (Id.)

As noted above, Best's present federal petition contends that his appellate attorney was ineffective in not asserting trial counsel's alleged ineffectiveness in failing to move suppress certain evidence as being seized pursuant to an illegal arrest. (Doc. 2 at 4-5.) The question before the

3

Court, therefore, is whether Best's generalized claim of ineffective assistance of appellate counsel in the state habeas proceeding acted to "fairly present" to the state court the more specific claim raised in the present federal petition. If the claim was not fairly presented to the state court, the claim is unexhausted. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Ogle v. Johnson, 488 F.3d 1364, 1368 (11th Cir. 2007).

In determining whether a claim of ineffective assistance has been fairly presented in state court, and thus exhausted, the Eleventh Circuit has held that "where the petitioner calls the state court's attention to ineffective assistance of counsel problems and the court examines the crucial aspect of counsel's representation . . . the petitioner may relitigate the constitutional claim in federal court." Francis v. Spraggins, 720 F.2d 1190, 1193 (11th Cir. 1983). But "habeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts." Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1344 (11th Cir. 2004) (quoting Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992)). Furthermore, "'[i]t is not enough that all the facts necessary to support the

federal claim were before the state courts or that a somewhat similar state-law claim was made. . . .' To exhaust the claim sufficiently, [a petitioner] must have presented the state court with th[e] particular legal basis for relief in addition to the facts supporting it." Kelley, 377 F.3d at 1350 (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982)). That is, "to preserve a claim of ineffective assistance of counsel for federal review, the habeas petitioner must assert th[at] theory of relief and transparently present the state courts with the specific acts or omissions of his lawyers that resulted in prejudice." Id. at 1345.

Here, there is simply nothing at all in the state habeas record establishing a shared factual foundation between the present federal claim and the prior state court claim. The state court had to guess at the nature of Best's generalized claim, as he simply contended that appellate counsel "violated petitioner[']s constitutional [rights] by not bringing valid issues upon appeal that petitioner instructed." (Resp. Ex. 2 at 4.) The state court was never given the opportunity to examine the much more specific allegation of ineffective assistance of appellate counsel raised in the present petition. "[T]he exhaustion doctrine requires a habeas applicant to do more

than scatter some makeshift needles in the haystack of the state record. The ground relied upon must be presented face-up and squarely." Kelley, 377 F.3d at 1345 (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)). Best's present claim simply was not "presented face-up and squarely" to the state habeas court. As the state never had a full and fair opportunity to examine the facts underlying this claim, it is unexhausted. Id.; Ogle, 488 F.3d at 1368.

Normally, a habeas petitioner with an unexhausted claim is given the choice to either (1) dismiss the petition and exhaust the claim in state court before resubmitting the claim in federal court or (2) amend and resubmit the federal habeas petition to present only unexhausted claims. Kelley, 377 F.3d at 1351. However, "when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the court] can forego the needless "judicial ping-pong" and just treat those claims now barred by state law as no basis for federal habeas relief." Id. (quoting Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998)). That is, "when a petitioner has failed to exhaust his claim by failing to present it to the state courts and the state court remedy is no longer

available, the failure also constitutes a procedural bar" to consideration in a subsequent federal habeas proceeding. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("[a] prisoner must exhaust his remedies in state court . . . before he presents those claims to a federal court in a habeas petition").

Under Georgia's successive petition rule, a petitioner is required to raise all grounds for relief in his initial or amended state habeas petition. O.C.G.A. § 9-14-51. Those grounds not raised in the initial petition are considered waived and cannot be raised in a subsequent petition. Id. In Chambers v. Thompson, 150 F.3d 1324 (11th Cir. 1998), the Eleventh Circuit made clear that:

> The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question "could not reasonably have been raised in the original or amended [state habeas] petition."

Id. at 1327. Best has presented no excuse for his failure to raise the issue

in his state habeas proceeding.[1] Consequently, his ground for relief is procedurally barred from consideration in this Court, and his petition should be denied with prejudice. Chambers, 150 F.3d at 1327; Ogle, 488 F.3d at 1371.

## III. CONCLUSION

For all of the reasons explained above, the Court recommends that the present petition be **DENIED** with prejudice.

**SO REPORTED AND RECOMMENDED** this  6th  day of June, 2008.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Moreover, Best has not argued cause and prejudice or actual innocence as a basis to excuse the procedural default of the claim. See Johnson v. Singletary, 938 F.2d 1166, 1174–75 (11th Cir. 1991) (discussing federal exception to procedural default rule as established in Wainright v. Sykes, 433 U.S. 72, 90-91 (1977)); Murray v. Carrier, 477 U.S. 478, 485 (1986).