IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MARVIN BEST, | ) |
| Petitioner, | ) |
| v. | ) CASE NO. CV408-66 |
| DONALD BARROW, Warden, | ) |
| Respondent. | ) |

# O R D E R

After a careful *de novo* review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

In his objections, Petitioner alleges that Respondent filed his answer after the deadline set by the Magistrate Judge's April 10, 2008 Order. The Magistrate Judge's Order provided that any response to the Petition must be filed within thirty days after service of the Order. The Attorney General, who filed an answer on behalf of Respondent, was served on April 18, 2008. Consequently, the answer was due by the end of the day on Monday, May 19,

2008.[1] The answer was timely filed on that day, and Petitioner's objections are without merit.[2]

SO ORDERED this 18th day of June, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The time period begins to run on the day after the event which begins the period. Fed. R. Civ. P. 6(a)(1). Here, the event beginning the period was service on April 18, 2008, so the thirty-day period began to run on April 19, 2008. The thirtieth day fell on Sunday, May 18, 2008. However, if the last day falls upon a Saturday or Sunday, the period runs until the next business day. Fed. R. Civ. P. 6(a)(3). In this case, the next business day - and the last day an answer could have been timely filed - was Monday, May 19, 2008.

[2] The Court notes that even if the Answer had been filed late, Petitioner would not be entitled to default judgment. Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1989)(stating that "default judgment is not contemplated in habeas corpus cases").